

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-9-2009

# Siddiq Aleem-x v. Ed Westcott

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4690

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Siddiq Aleem-x v. Ed Westcott" (2009). *2009 Decisions.* Paper 471.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/471

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-316                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4690
_____

SIDDIQ A. ALEEM-X,
a/k/a Terrence Watson,
                                        Appellant

v.

CORRECTIONAL OFFICER EDWARD WESTCOTT
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 08-cv-00570)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 17, 2009
Before: RENDELL, HARDIMAN and GREENBERG , Circuit Judges

(Opinion filed: October 9, 2009)
_____

OPINION
_____

PER CURIAM.

     Siddiq A. Aleem-x, a pro se prisoner, filed this action under 42 U.S.C. § 1983 in

the United States District Court for the District of Delaware claiming that defendant

Edward Wescott, a corrections officer, violated his constitutional rights by making

abusive and harassing statements and gestures to Aleem-x on three occasions. As relief, Aleem-x sought, among other things, damages for emotional and psychological stress. The District Court dismissed the complaint sua sponte under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for failure to state a claim upon which relief can be granted, explaining that while defendant's alleged statements and actions could be viewed as unprofessional, verbal abuse and harassment, without more, do not rise to the level of a constitutional violation.

Aleem-x timely appealed and has been granted leave to proceed in forma pauperis. We have appellate jurisdiction under 28 U.S.C. § 1291. Because this appeal lacks any arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

As the District Court explained, accepting Aleem-x's allegations as true, he failed to state a viable claim for relief. Verbal abuse of a prisoner, even of the lewd variety alleged here, is not actionable under § 1983. See, e.g., McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir. 1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause."). We agree with the District Court that any amendment to the complaint would be futile, and thus see no error in the dismissal without leave to amend.

For these reasons, we will dismiss the appeal.

2